(No. 6593.   October 1, 1938.)

WALTER MILLER, Appellant, v. PEARL C. MEREDITH, Respondent.

[83 Pac. (2d) 206.]

Ariel L. Crowley, for Appellant.

J. W. Taylor, Attorney General, and R. W. Beckwith, Assistant Attorney General, for Respondent.

BUDGE, J.—This is an appeal from a judgment of the trial court denying appellant's application for release upon *habeas corpus*.

The facts appearing in the record are substantially as follows: Appellant, serving a sentence of life imprisonment, gave the statutory notice of application to the board of pardons at its quarterly meeting to be held October 7, 1936. Certified copies of proceedings of the State Board of Pardons, stipulated to be true and correct copies of all pertinent proceedings taken by the board relative to appellant Miller, designated by No. 3915, and sometimes known as Walter Miller, Walter Mathis, and Blackie Miller, disclose the following:

"The regular quarterly meeting of the Board of Pardons convened in the office of the Governor at 10:15 o'clock A. M., October 7th, 1936, with all members present as follows: . . . .

" . . . . Pursuant to adjournment, the Board reconvened at 10:30 A. M. October 9, 1936 . . . . The cases of . . . . WALTER MATHIS #3915 were discussed and the Board voted to hold these cases open until after the interviews at the penitentiary. . . . . WHEREUPON, the Board adjourned *sine die*."

"The Board of Pardons convened in the office of the Warden of the Penitentiary at 9:30 o'clock A. M., December 5, 1936 with all members present as follows: . . . . Personal interviews were granted the following: . . . . Then appeared BLACKIE MILLER #3915 The Board voted to deny this application . . . . WHEREUPON, the Board adjourned *sine die*."

"The Board of Pardons convened in the office of the Governor at 10:30 o'clock A. M., January 4, 1937, with all members present as follows: . . . . The case of WALTER MATHIS #3915 was considered and Secretary of State . . . . and Governor . . . . voted to cut the sentence to 10 years flat. Attorney General . . . . did not vote on this case.

"Whereupon the Board adjourned until the next regular meeting of the Board of Pardons to be held January 6th, 1937, in the office of the Governor."

Upon expiration of ten years 'flat,' March 27, 1938, appellant was refused release by the warden, the sole ground of his detention being the original commitment. The petition for release followed.

The trial court concluded from the above facts:

" . . . . that the Board of Pardons of the state of Idaho had no statutory or constitutional authority to convene as such Board on January 4, 1937, for the purpose of further considering the application of petitioner for the reason that the action of the board of pardons taken on December 5, 1936, in the matter of the application of this petitioner in denying said application for pardon ended the function of the notice theretofore given and the said meeting of the Board of Pardons on January 4, 1937, was therefore without notice and the commutation therein granted was void, and that the petition for Writ of Habeas Corpus herein should be denied and the prisoner remanded to the custody of the warden of the Idaho State Penitentiary."

█ █ The point is urged by appellant that under our system of government the departments, executive, legislative and judicial, are distinctly divided, and that neither has authority to override, overrule, alter or interfere with the action of the other within the recognized scope of their respective branches of government, which contention, generally speaking, is sound. (*Diefendorf v. Gallet*, 51 Ida. 619, 10 Pac. (2d) 307.) It is however recognized that the legal effect of such action may be inquired into by the court after it has been taken.

"It seems to us that to keep within the spirit of our constitution (section 1, article 2) and form of government which recognizes the independence and specific character of the 'three distinct departments' of government, that the judicial department could not attempt to prohibit either of the other departments from *acting* within the recognized scope of their respective branches of the government, but that on the other hand the legal effect of such action after it has been taken may be inquired into by the court." (*Stein v. Morrison*, 9 Ida. 426, at 453, 75 Pac. 246; *Diefendorf v. Gallet, supra*.)

█ The authorities also recognize that the courts have jurisdiction to determine the validity of a pardon, commuta-

tion or parole as affected by the question whether the granting authority had power to do so. (*Jamison v. Flanner*, 116 Kan. 624, 228 Pac. 82, 35 A. L. R. 973, and annotation of authorities, 35 A. L. R. 998, and 30 A. L. R. 238.) We are here concerned with the question: Did the board of pardons act within the constitutional and statutory provisions, prescribing its power, in commuting appellant's sentence from life imprisonment to ten years "flat."

Appellant's position appears to be, in effect, that the various actions taken by the board of pardons herein were taken at continuations of the same session or meeting of the board and that the board may reconsider any action it may have taken with respect to any application to it, properly noticed for hearing in the first instance, at any time within the same term or session without any further notice of hearing. We are constrained to hold that the judgment of the trial court must be upheld for the reasons set forth in the court's conclusions appearing in its order denying the application, namely: "that the action of the board of pardons taken on December 5, 1936, in the matter of the application of this petitioner in denying said application for pardon ended the function of the notice theretofore given and the said meeting of the Board of Pardons on January 4, 1937, was therefore without notice and the commutation therein granted was void."

Art. 4, sec. 7, of the Constitution relating to the granting of commutations, pardons, etc., provides in part as follows:

"The legislature shall by law prescribe the sessions of said board and the manner in which application shall be made, and regulate proceedings thereon; but no fine or forfeiture shall be remitted, *and no commutation or pardon granted, except by the decision of a majority of said board, after a full hearing in open session, and until previous notice of the time and place of such hearing and the release applied for shall have been given by publication in some newspaper of general circulation at least once a week for four weeks.*" (Emphasis inserted.)

Pursuant to the authority of the above constitutional provision the legislature has prescribed the time and manner in which application shall be made and regulated the proceedings

thereon. It appears from the foregoing quoted provision that the Constitution clearly provides that a commutation may be granted by a majority of the board of pardons *only* after *a full hearing in open session,* and after the time of *such hearing in open session* has been noticed by publication in some newspaper of general circulation at least once a week for four weeks.

■■ The record here discloses that the board unconditionally denied appellant's application on December 5, 1936, and adjourned *sine die,* thereby ending the proceeding under appellant's application. The hearing which had been noticed by publication had been held and a final order made and entered and the board adjourned *sine die.* Appellant's application was avowedly closed in so far as interested parties could determine. Without further notice of further hearing, without compliance with the constitutional provision above referred to, on January 4, 1937, two members of the board attempted to make a further order, revoking their former order and reducing the sentence of life imprisonment theretofore imposed to ten years flat. This hearing, if it may be so called, in so far as parties who may have had an interest in the action to be taken with reference to appellant, cannot be said to have been a full hearing in open session, inasmuch as no notice thereof was given as required and confessedly the case had been previously closed. In so far as the record discloses this was a new hearing without notice and not a continuation of the hearing which had been noticed by publication and which had been held and finally determined. The constitutional provision discloses the intent that when the board of pardons is about to consider an application for commutation a full hearing in open session must be had and such hearing must be noticed as the Constitution provides in order that the board may have the benefit of reasonably contemporaneous opinion from interested parties. Such notice in case of a subsequent or second application or hearing cannot be said to be futile, any number of changes possibly having occurred between the dates of the first and second or subsequent hearing bearing upon the wisdom of granting a commutation. (See *State v. Hannan,* 219 Wis. 257, 262 N. W. 625.)

We are of the opinion that the action of the board of pardons on January 4, 1937, was irregular and void and that the judgment should be and it is hereby affirmed.

Holden, C. J., and Morgan, Ailshie and Givens, JJ., concur.