796 P.2d 116

Daniel M. BATES, Walter D. Balla, Richard A. Coffman, Edwin L. Driscoll, Gary Steven Dupont, Charles E. Heughins, Robert M. Mallery, Albert Martinez, Riley P. McGarraugh, John P. McGonigal, Jeff L. Metzener, Donald P. Ray, Rocky J. Ringleman, Ricarto G. Shanacropolous, Gary E. Shirley, Ronald E. Wideman and Jesus G. Birrueta, Petitioners–Respondents,

v.

Al MURPHY, Director, Idaho Department of Corrections; and Arvon J. Arave, Warden, Idaho State Correctional Institution; and the Idaho Department of Corrections, Respondents–Appellants.

No. 17661.

Supreme Court of Idaho.

July 31, 1990.

Jim Jones, Atty. Gen.; Deputy Atty. Gen. Michael A. Henderson, argued, Boise, for respondents-appellants.

Jim Jones, Atty. Gen.; Deputy Atty. Gen. Robert R. Gates, argued, Boise, for amicus curiae Com'n for Pardons & Parole.

Douglas Lee VanderBoegh, argued, Churchill & VanderBoegh, Boise, for petitioners-respondents.

BAKES, Chief Justice.

Respondents, sixteen inmates at the Idaho State Correctional Institution (petitioners), brought this *habeas corpus* proceeding seeking to enforce certain discharges that had been granted to them by the Commission of Pardons & Parole (the Commission). The magistrate denied the petition, holding that the discharges were invalid. On appeal, the district court reversed and ordered reinstatement of the discharges. The Idaho Board of Corrections (the Board) has appealed the district court decision.

Following the initial oral argument, the Court ordered the parties to brief the following additional issues:

1. For cases in which defendants were sentenced to the custody of the Board of Corrections before the Unified Sentencing Act became effective, under what authority may the Commission of Pardons & Parole discharge a portion of an indeterminate sentence prior to the maximum period of time set out in the judgment and sentence of the district court?

2. Is any such discharge, issued prior to the end of the maximum term fixed in any indeterminate sentence, a commutation within the meaning of Art. 4, § 7, of the Idaho Constitution?

The Court held further oral argument on May 4, 1990, and we now reverse the district court's decision and reinstate the magistrate's order.

I

Respondents (the petitioners) were all incarcerated at the Idaho State Correctional Institution. Each had been serving indeterminate sentences and had at least one consecutive sentence that he had not yet

begun serving. Each appeared before the Commission and received a discharge of the initial sentence he was then serving and, as a result, began serving the next consecutive sentence.

On June 19, 1986, District Judge W.E. Smith decided the case of *Smith v. State*, Case No. HC–2515. The petitioner in that case had been granted a "discharge" by the Commission similar to those granted in this case. Judge Smith held that the "discharge" was void because, under I.C. § 20–233 [1] regulating discharges, such a discharge could only be granted to those prisoners who had served out their entire sentences or had been on parole for at least one year. The district court further held that the discharge in *Smith v. State* was not valid as a commutation either, because it failed to meet the procedural requirements for granting a commutation set out in Article IV, § 7, of the Idaho Constitution.[2]

In response to the decision in the *Smith* case, the director of the Board, Al Murphy, directed the warden to write a letter to each of the incarcerated respondents in this proceeding notifying them that their discharges were void and that their first sentences were being reinstated and recalculated. As a result, respondents had to begin serving the remaining time on their first sentences from which they had received the void "discharges." The inmates were notified that they could request a hearing to challenge the accuracy of the recalculated sentences.

On January 2, 1987, the inmates filed a petition for habeas corpus with the Idaho Supreme Court. The Court denied their petition. The petitioners then filed a habeas corpus petition with the district court and the matter was referred to Magistrate Patricia Borah. After a trial, Judge Borah entered a memorandum decision and order denying the inmates' petition. Judge Borah found that the discharges did not comply with the requirements for a discharge set out in I.C. § 20–233, and also were not valid as commutations, paroles or pardons under Article IV, § 7, of the Idaho Constitution.

On October 8, 1987, the petitioners appealed to the district court. The district

---

1. **20–233. Final discharge of parolee—Minimum term.**—When any paroled prisoner has performed the obligations of his parole for such time as shall satisfy the commission that his final release is not incompatible with his welfare and that of society, the commission may make the final order of discharge and issue to the paroled prisoner a certificate of discharge; but no such order of discharge shall be made in any case within a period of less than one (1) year after the date of release on parole, except that when the period of the maximum sentence provided by law shall expire at an earlier date, then a final order of discharge must be made and a certificate of discharge issued to the paroled prisoner not later than the date of expiration of said maximum sentence.

2. **§ 7. The pardoning power.**—Such board as may hereafter be created or provided by legislative enactment shall constitute a board to be known as the board of pardons. Said board, or a majority thereof, shall have power to remit fines and forfeitures, and, only as provided by statute, to grant commutations and pardons after conviction of a judgment, either absolutely or upon such conditions as they may impose in all cases of offenses against the state except treason or conviction on impeachment. The legislature shall by law prescribe the sessions of said board and the manner in which application shall be made, and regulate proceedings there-

on, but no fine or forfeiture shall be remitted, and no commutation or pardon granted, except by the decision of a majority of said board, after a full hearing in open session, and until previous notice of the time and place of such hearing and the release applied for shall have been given by publication in some newspaper of general circulation at least once a week for four weeks. The proceedings and decision of the board shall be reduced to writing and with their reasons for their action in each case, and the dissent of any member who may disagree, signed by him, and filed, with all papers used upon the hearing, in the office of the secretary of state.

The governor shall have power to grant respites or reprieves in all cases of convictions for offenses against the state, except treason or conviction on impeachment, but such respites or reprieves shall not extend beyond the next session of the board of pardons; and such board shall at such session continue or determine such respite or reprieve, or they may commute or pardon the offense, as herein provided. In cases of conviction for treason the governor shall have the power to suspend the execution of the sentence until the case shall be reported to the legislature at its next regular session, when the legislature shall either pardon or commute the sentence, direct its execution, or grant further reprieve.

court reversed the magistrate decision and ordered that discharges be reinstated. The Board has appealed the district court's decision to this Court.

## II

■ The facts of this case require us to resolve the following issues: (1) is a discharge, issued prior to the end of the maximum term fixed in any indeterminate sentence, a *commutation* within the meaning of Article IV, § 7, of the Idaho Constitution; and (2) did the Board of Corrections exceed its authority by refusing to comply with the discharges of the Commission?

Article IV, § 7, states in pertinent part: [B]ut no fine or forfeiture shall be remitted, and no commutation or pardon granted, except by the decision of a majority of said board, after a full hearing in open session, and until previous notice of the time and place of such hearing and the release applied for shall have been given by publication in some newspaper of general circulation at least once a week for four weeks.

This section unambiguously provides that *no commutation shall be granted* unless the listed procedures are followed, *i.e.*, full hearing in open session, after previous notice of the time and place of hearing is published in a newspaper of general circulation, once a week for four weeks. No exceptions are provided for within this section of the Constitution, and none can fairly be inferred.

This provision does not, however, define the term "commutation." We therefore turn to our case law for guidance. In *Standlee v. State*, 96 Idaho 849, 538 P.2d 778 (1975), we faced an issue similar to that which we face today, when we decided whether "parole is a form of commutation and pardon or a part of punishment." 96 Idaho at 851, 538 P.2d at 780. The Court held in *Standlee* that, "The Constitution speaks only of commutations and pardons. These differ from paroles. A pardon does away with both the punishment and the effects of a finding of guilt. *A commutation diminishes the severity of a sentence, e.g. shortens the term of punishment."*

96 Idaho at 852, 538 P.2d at 781 (emphasis added).

The Court in *Standlee* defined a commutation by focusing on its principal attribute, *i.e.*, shortening the term of punishment. When a parolee is discharged from parole before the end of the term of his sentence he is no longer subject to any conditions or supervision, nor may he be reincarcerated on that sentence. As the Maine Supreme Court held in reviewing a similar discharge provision enacted by their legislature,

Once the parole board discharges a lifer, he is no longer subject to any of the conditions that attach to parole; he becomes a totally free man. If applied to Gilbert, who was convicted and sentenced to life imprisonment before the 1959 amendments took effect, the ten-year discharge provision would act to release him completely from his sentence, which when imposed in 1951 was by law to terminate only on his death. Like the "good time" law in *Bossie [v. State*, 488 A.2d 477 (Me.1985)] therefore, the discharge provision would act as a commutation of Gilbert's sentence....

*Gilbert v. State*, 505 A.2d 1326, 1329 (Me. 1986). Concededly, the discharges in this case would not set the petitioners "totally free," as they were subject to a second consecutive sentence for a different conviction, which they would immediately begin serving. However, they would in fact be free from the strictures imposed by the first sentence, and would not be subject to any conditions or supervision for that sentence, as they would have been if they had merely been on parole. It thus appears that the discharges in this case are in fact commutations because they shorten the term of the sentences imposed by the court. Since the discharges granted to the petitioners in the present case did not comply with the procedures set forth in Article IV, § 7, of the Idaho Constitution, they are void. *Miller v. Meredith*, 59 Idaho 385, 83 P.2d 206 (1938).

## III

■ Finally, we consider the petitioners' claim that the Board of Corrections exceed-

ed its authority by refusing to honor the discharges granted by the Commission in this case. The petitioners, in this *habeas corpus* proceeding, had the burden of proving that the Board was illegally detaining them, or illegally computing their sentences. *Jackson v. State*, 87 Idaho 267, 392 P.2d 695 (1964) ("The authorities uniformly hold that the burden is on the petitioner in *habeas corpus* proceedings to establish the illegality of his detention."); *Calkins v. May*, 97 Idaho 402, 545 P.2d 1008 (1976) (*habeas corpus* is an appropriate remedy for a claim that the Board of Corrections was illegally computing a prisoner's sentence).

Each of the petitioners had been convicted of at least two felonies and had received a sentence and commitment to the Board of Corrections for those sentences. The terms of imprisonment for the first convictions had not expired at the time that the Commission discharged the petitioners from those sentences. In attempting to meet their burden of proof, the petitioners were relying upon the discharges issued by the Commission to establish that the Board of Corrections was illegally detaining them on their first convictions and sentences which, while they had not expired by their own terms, had been discharged by the Commission.

The Board of Corrections, in refusing to release the petitioners from the unserved remainder of their first terms, relied upon the decision of District Judge W.E. Smith in the case of *Smith v. State*, Case No. HC–2515, which held that the actions of the Commission of Pardons & Parole in granting a discharge to a petitioner in a similar circumstance, was a commutation in violation of Article IV, § 7, of the Idaho Constitution, and therefore was void.

■ Having concluded in Part II hereof that the discharges granted by the Commission of Pardons & Parole violate Article IV, § 7, of the Constitution, as Judge Smith concluded in *Smith v. State*, we conclude that the petitioners in this case have not carried their burden of proving either that they are illegally detained or that the Board of Corrections has illegally computed their sentences. The Board did not exceed its authority when, in reliance on the district court's opinion in *Smith v. State*, it refused to recognize the void discharges issued to petitioners in this case and retained the custody of the petitioners pursuant to their sentences and commitments to the Board of Corrections issued by the various district courts which sentenced them. In *Miller v. Meredith*, 59 Idaho 385, 83 P.2d 206 (1938), the warden of the penitentiary had refused to release a petitioner whose life sentence had been reduced to ten years by the Board of Pardons.[3] When the ten years expired the warden refused to release the petitioner, who filed a petition for *habeas corpus*. The trial court denied the petition, holding that the reduction of the sentence from life to ten years, without complying with the mandates for a commutation set out in Article IV, § 7, of the Idaho Constitution, rendered the act of the Board of Pardons void. On appeal this Court stated:

> We are constrained to hold that the judgment of the trial court must be upheld for the reasons set forth in the court's conclusions appearing in its order denying the application, namely: "that the action of the board of pardons taken on December 5, 1936, in the matter of the application of this petitioner in denying said application for pardon ended the function of the notice theretofore given and the said meeting of the Board of Pardons on January 4, 1937, was therefore without notice and the commutation therein granted was void."

59 Idaho at 389, 83 P.2d at 207.

Accordingly, the decision of the district court is reversed, and the order of the magistrate court dismissing the petition is affirmed.

BISTLINE, BOYLE and McDEVITT, JJ., concur.

JOHNSON, Justice, dissenting.

For the reasons contained in the memorandum decision of the district judge, I

---

**3.** The Commission of Pardons & Parole was originally known as the Board of Pardons.

**244**

respectfully dissent from the opinion of the Court. Briefly summarized, the district judge reasoned:

1. The Commission on Pardons and Paroles (the Commission) had for many years used the mechanism of granting a discharge from the first of two consecutive, indeterminate sentences to allow the inmate to begin serving the second sentence. This was a pragmatic solution allowing the inmate to become eligible for parole when an appropriate period of the aggregate sentences had been served in custody.

2. The action of the Board of Corrections (the Board) in revoking the discharges previously granted to the petitioners in this case retroactively rescinded the use of this mechanism. There was no basis for this retroactive rescission.

3. The circumstances in *Smith v. State,* decided by another district judge, are distinguishable. Since the second sentence had been vacated by an appellate court in *Smith,* the effect of the discharge granted by the Commission was to cause the immediate release of the inmate.

4. The Board had no jurisdiction to overrule the discharges granted by the Commission. Once the Commission has acted in an area within its jurisdiction, the Board has no authority to modify or overrule the Commission's determination.