**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41258**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 438 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GERALD BYRON CUMMINGS, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying Rule 33(d) motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Gerald Byron Cummings, Jr., was sentenced in 2009 to a term of seven years, with one and one-half years determinate for possession of a controlled substance. Cummings was later paroled. Subsequently, Cummings committed a new crime of possession and was sentenced on that charge. His parole was also revoked. Cummings filed a "Rule 33D Motion" requesting credit for time served on probation, parole, and in jail or prison. The district court denied the motion, noting that (1) it was "unaware of the connection between Criminal Rule 33(d) and the requested relief"; (2) it would not "order that the time spent out of incarceration be counted as time served"; and (3) "it is the province of the parole board to compute time served after a defendant is committed to the custody of the department of corrections" and it would "not attempt to interfere with that responsibility."

1

On appeal, Cummings, "[m]indful of the fact that the motion, challenge (sic) the Department of Correction's calculation of his time, was filed in the criminal case and not in a habeas petition" states:

> Mr. Cummings acknowledges that Idaho Criminal Rule 33(d) does not provide for the relief he requested. He further acknowledges that Idaho Criminal Rule 35(c), which provides for motions for credit for time served, does not apply, as that Rule provides for motions for credit pursuant to I.C. § 18-309 or § 19-2603, which do not apply to the instant claim. *See* I.C.R. 35(c). Further, "a petition for writ of habeas corpus is an appropriate mechanism for challenging an alleged impropriety or error in the Department's computation of a prisoner's sentence." *Mickelsen v. Idaho State Corr. Inst.*, 131 Idaho 352, 355, 955 P.2d 1131, 1134 (Ct. App. 1998) (citing *Bates v. Murphy*, 118 Idaho 239, 243, 796 P.2d 116, 120 (1990); *Calkins v. May*, 97 Idaho 402, 545 P.2d 1008 (1976); *State v. Vega*, 113 Idaho 756, 758, 747 P.2d 778, 780 (Ct. App. 1987)).
>
> Mindful of the above authorities, Mr. Cummings asserts that the district court erred and that the Department has miscalculated his time. Mr. Cummings acknowledges that he is not entitled to credit for time served while on parole; the parole commission has the discretion to award such time. See I.C. § 20-228. Even so, his time has been miscalculated.

For the reasons set forth by the district court in denying the motion and acknowledged by Cummings as providing for no relief in this matter, the order of the district court denying Cummings' Rule 33(d) motion is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**