732 P.2d 334

**STATE of Idaho, Plaintiff-Respondent,**

v.

**John Douglas MERRIFIELD, Defendant-Appellant.**

**No. 16310.**

Court of Appeals of Idaho.

Jan. 14, 1987.

Malcolm A. Dymkowski (argued) and Charles B. Lempesis, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Patrick J. Kole, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This appeal presents the question of whether a defendant may be sentenced to an *indeterminate* life sentence enhanced by a consecutive *fixed* period for the use of a firearm. We hold such a sentence is contrary to law and we remand for resentencing.

John Douglas Merrifield was found guilty by a jury of first-degree murder in the shooting death of a hotel manager. The trial judge initially sentenced Merrifield to a fixed twenty-five year term for the murder. Because a sentence for homicide committed while using a firearm must be enhanced, pursuant to I.C. § 19–2520, the judge added a consecutive, fixed tenyear sentence enhancement.[1] On appeal we affirmed Merrifield's judgment of conviction but we vacated his sentence because our Supreme Court recently had held that a sentence to any period less than a life term, for first-degree murder, was illegal. *See State v. Wilson*, 107 Idaho 506, 690 P.2d

1338 (1984). The case was remanded to the district court for resentencing consistent with *Wilson*. *See State v. Merrifield*, 109 Idaho 11, 704 P.2d 343 (Ct.App.1985).

On remand the district court sentenced Merrifield to serve an indeterminate period, not to exceed life, for the murder. The consecutive, fixed ten-year enhancement for use of a firearm was reimposed. Merrifield then filed a motion to correct his sentence, contending it was illegal to impose a fixed term as an enhancement to an indeterminate sentence. The district court denied Merrifield's motion, and this appeal was taken from that ruling.

Merrifield argues that the fixed-term enhancement is statutorily incompatible and inconsistent with an indeterminate life sentence, and is therefore illegal. He seeks to have the enhancement changed to a tenyear indeterminate period. We agree that the sentence is illegal; but rather than altering the sentence on appeal, we remand for an appropriate sentence.

Under *Wilson*, the district court's sentencing options for the underlying crime of first-degree murder were limited to a fixed or indeterminate life sentence. Idaho Code § 19–2520 provides additional punishment for certain offenses if a firearm is involved. It does not prescribe a new offense. *State v. Smith*, 103 Idaho 135, 645 P.2d 369 (1982). The enhancement statute imposes an additional term instead of an additional sentence. *State v. Kaiser*, 108 Idaho 17, 696 P.2d 868 (1985). The two segments are to be served consecutively. *Id.* As set forth in *Kaiser*, a firearms enhancement may be tacked onto an indeterminate life sentence. Our Supreme Court held that an indeterminate life sentence may be enhanced because of the likelihood that an inmate with such a sentence will be paroled or eventually discharged, and thus there remains an opportunity to serve the additional years imposed for the use of a firearm in the commission of the crime. *Id.* Although it may seem incon-

---

1. Merrifield also received a separate fixed five-year term for possession of a deadly weapon by a jail inmate. No issue has been raised on this appeal in respect to that sentence. Thus, it is not affected by this opinion.

sistent to have a defendant remain in prison after having been found suitable for parole, this apparent inequity could result from any consecutive sentences. Additionally, the firearms enhancement statute does not limit the power of the Commission of Pardons and Parole. *State v. Rawson*, 100 Idaho 308, 597 P.2d 31 (1979).

Here, Merrifield contends that both segments of the sentence must be either fixed or indeterminate. He argues that our present indeterminate and fixed sentencing statutes, I.C. §§ 19–2513 and 19–2513A, respectively, provide exclusive alternatives and do not permit a mixed sentence. Although a "fixed indeterminate" sentence may not be imposed, *State v. Hoffman*, 108 Idaho 720, 701 P.2d 668 (Ct.App.1985), the state argues that fixed and indeterminate segments within an enhanced sentence are not inherently incompatible under our statutory scheme.[2] The state would have us read I.C. § 19–2513A to permit a fixed term for any portion of a sentence. The state also points to the legislature's use of the phrase "additional sentence" in the firearm enhancement statute in support of its theory that segments differing in kind are provided for by statute.

 We believe this case is governed by a simple syllogism. The major premise, contained in I.C. § 19–2513A, is that a fixed term sentence is "an *alternative* to an indeterminate sentence for any person convicted of a felony, ...." [Emphasis added.] A single sentence may not combine fixed and indeterminate characteristics. *State v. Hoffman, supra.* The minor premise of our syllogism, furnished by our Supreme Court, is that a firearm penalty under I.C. § 19–2520 is not a separate sentence but is part of a single sentence for the underlying crime. *State v. Cardona*, 102 Idaho 668, 637 P.2d 1164 (1981). *Accord State v. Smith*, 103 Idaho 135, 645 P.2d 369 (1982); *State v. Galaviz*, 104 Idaho 328, 332, 658 P.2d 999, 1003 (Ct.App. 1983). The logical conclusion is that a fire-

arm penalty must share the same fixed or indeterminate characteristic as the rest of the sentence imposed for the underlying crime. A single sentence may only be fixed or indeterminate.

Therefore, we reverse the order denying Merrifield's motion to correct his sentence. As set forth in *State v. Money*, 109 Idaho 757, 710 P.2d 667 (Ct.App.1985), when a trial court corrects an enhanced sentence it should reconsider the whole sentence, not merely one segment. Therefore, we vacate the underlying indeterminate life sentence and the fixed firearm enhancement and remand this case to the trial court for resentencing of Merrifield.

BURNETT and SWANSTROM, JJ., concur.

---

2. We note that, effective February 1, 1987, the legislature has explicitly provided this alternative to trial judges in the form of a "unified sentence." Thus, when this new statute is appli-

cable, a sentence may include both fixed and indeterminate periods of confinement. *See* I.C. § 19–2513 as amended, 1986 Idaho Sess. Laws, ch. 132, p. 638, § 3.