856 P.2d 897

STATE of Idaho, Plaintiff–Respondent,

v.

Barry Eugene SEARCY, Defendant–Appellant.

No. 20006.

Court of Appeals of Idaho.

April 23, 1993.

Petition for Review Denied Aug. 4, 1993.

ture of the sentences, a contrary decision would not affect McDonald's period in confinement.

W. Brent Eames, Rexburg, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from sentences imposed for first degree murder and for robbery under amended judgments of conviction entered by the district court on July 1, 1992. We affirm but direct the district court to further amend the judgment of conviction and sentence for robbery to state that the enhanced portion of the sentence, imposed for the use of a firearm in committing the crime, is for an indeterminate, rather than a fixed, term of ten years and shall be served as an extension of the indeterminate life sentence imposed upon the robbery conviction.

The appellant, Barryington Eugene Searcy, has undergone three sentencing proceedings for the same crimes. He appeals from the third proceeding, asserting that the district court erred by conducting a resentencing process and by imposing sentences different from those orally pronounced by a district judge at the second sentencing hearing.

The case comes to us with the following background. Searcy was found guilty by a jury in March, 1988, of first degree murder and of robbery. He was sentenced initially on May 31, 1988, by District Judge H. Reynold George. On the first degree murder conviction, Searcy received a determinate life sentence without possibility of parole. This sentence was enhanced by a period of ten years because of the use of a firearm in the offense. He also received an indeterminate life sentence with a minimum of ten years' confinement, for a robbery committed in conjunction with the homicide. The sentence for robbery was also enhanced by ten years for the use of a

firearm and was to be served consecutively to the sentence pronounced for murder.

On October 3, 1988, while an appeal from the original judgments of conviction and sentences was pending, Judge George denied a motion by Searcy under I.C.R. 35 to reduce the sentences, but also granted a motion by Searcy to correct his sentences by rescinding one of the ten-year enhancements for the use of a firearm in the crimes. However, Judge George entered the order correcting the enhancement feature of the sentences without having Searcy present in court at the time.

Addressing Searcy's sentences in the appeal, the Idaho Supreme Court held that the fixed life term for first degree murder and the indeterminate life term for the robbery, which was ordered to be served consecutively to the sentence for murder and which included a minimum period of confinement of ten years, were reasonable and were not an abuse of discretion. *State v. Searcy*, 118 Idaho 632, 639, 798 P.2d 914, 921 (1990). The Court also upheld Judge George's refusal to reduce the sentences. *Id.* However, the Court found that "the original sentence imposed on Searcy which contained two separate enhancements, was invalid since it violated I.C. § 19–2520E." 118 Idaho at 638, 798 P.2d at 920. The Court further held that the district court should not have corrected the sentences without the defendant being present. As a result, the Court affirmed the judgments of conviction; vacated the order of October 3 correcting the sentence imposed on Searcy in his absence; and remanded the cause "for imposition of a valid sentence with the defendant present." 118 Idaho at 639, 798 P.2d at 921.

Following remittitur from the appeal, Searcy appeared before Judge George for pronouncement of sentence in accordance with the Supreme Court's directive. Prior to imposing any sentence, the court permitted Searcy and his counsel to present additional information. They submitted an exhibit containing reports, letters of recommendation and other documents indicating

Searcy's accomplishments during the preceding three years of confinement.

Searcy's counsel argued that this information demonstrated Searcy's capability for rehabilitation. While counsel recognized that the proceeding was one for resentencing and that the court previously had pronounced sentence, he requested the court to "carefully consider again the possibility of allowing Mr. Searcy some time during his natural life to stand before the Commission of Paroles and allow them to determine whether he might be granted a parole." In response, the prosecutor asked the court to reimpose the original sentences with the exception of the double enhancement for the use of a firearm.

Judge George then pronounced sentence. He stated his determination as follows:

> Mr. Searcy, I will sort of announce to you what my philosophy is in a case like this, how I feel about it.
>
> If you were to get an indeterminate life sentence it would be up to some people who are over at the penitentiary and they can look at the records and see people face to face and see how you are doing and in their recommendations they could grant a parole. I feel that those same people have commutation power and in a case as serious as this, and when the time is not long enough as far as I am concerned to show the length of good conduct and the progress being made on rehabilitation, I think it is going to take a longer period of time.
>
> I personally think that the people who have commutation power should take a good serious look at cases such as this down the road some length of time. They are in a better position to make some judgment. Like I say I don't think they are any more of a spot or under more pressure to grant a parole on an indeterminate sentence as they are to make a commutation on a determinate sentence.

> It will be the judgment of the Court, and I will pronounce sentence at this time, that as to the charge and crime you were convicted of, murder in the first degree, I pronounce a determinate life sentence without the possibility of parole. On the robbery charge, [I] hereby sentence you to an indeterminate life sentence with a ten-year enhancement on that robbery sentence. The reason there is an enhancement given is because of the use of a deadly weapon and there is statutory authority to pronounce such a sentence.
>
> So the Supreme Court rather authorized me to just give a ten-year enhancement on both of them without specifying one particular one, but I am just specifying as to the robbery.
>
> The Court appreciates the fact that the Supreme Court required this sentence be given in your presence rather than just make a correction on it. I don't have any problem of you coming and face the Court and me face you when I pronounce that sentence.

Judge George then directed the prosecuting attorney to prepare the "appropriate paper" for the sentence and asked if anyone had any questions. Both Searcy's counsel and the prosecutor each replied they did not.

On December 31, 1990, an amended judgment of conviction signed by Judge George was filed by the district court clerk.[1] This judgment recited that Searcy was sentenced to the custody of the State Board of Correction for a "determinate life sentence without the possibility of parole" for first degree murder; to a "consecutive term of life with a minimum sentence of ten (10) years" for robbery; and "as an enhancement for the use of a firearm in the commission of robbery, a consecutive term of ten (10) years."

On January 14, 1991, Searcy's counsel filed a motion under I.C.R. 35 to correct the amended judgment of conviction entered on

---

1. The judgment was dated and evidently signed by Judge George on December 21, 1990, the same date Judge George retired from office. His successor, Hon. Marvin M. Smith, took of-fice as a district judge either on January 6 or January 7, 1991. *See* vol. 119 Idaho Reports pp. viii, n. 6, and xi, n. 7 (1991).

December 31, 1990, by striking the words "a consecutive term of life with a minimum sentence of ten (10) years" for the crime of robbery and substituting the words "an indeterminate life sentence" for the stricken words. The motion was made "for the purpose of conforming the written Amended Judgment of Conviction to the sentence pronounced by the court at the sentencing hearing held December 3, 1990." While this motion was pending, Searcy also filed a notice of appeal from the amended judgment; however, the proceeding on that appeal did not raise any issue with respect to the pending motion to correct the amended judgment. *See State v. Searcy,* 120 Idaho 882, 820 P.2d 1239 (Ct.App.1991).[2]

In March, 1991, an order was entered by District Judge Smith appointing new counsel for Searcy. This attorney filed a motion on Searcy's behalf on June 18, 1991, again seeking a correction of the amended judgment on the same basis as the Rule 35 motion filed in January, i.e., that the December 31 amended judgment "did not correctly reflect the order actually given by Judge George December 3, 1990, when the Defendant was brought before the court." In April, 1992, pursuant to telephone conference, Judge Smith ordered a hearing for "further sentencing" and, in preparation for that proceeding, Judge Smith directed the prosecutor and Searcy's counsel to submit sentencing memoranda to him in advance of the hearing.

The hearing, held on May 18, 1992, focused in part on the alleged discrepancy or difference between the comments orally made by Judge George on December 3, 1990, and the language contained in the amended judgment of conviction filed on December 31. The prosecutor took the position that the amended judgment of conviction accurately reflected the sentences imposed by Judge George. Conversely, Searcy's counsel argued that the transcript of the December 3 sentencing hearing showed that Judge George orally imposed an indeterminate life sentence for robbery, without any minimum term of confinement and, because the judge did not orally state that the sentence on the robbery charge would be served consecutively to the fixed life sentence for murder, the robbery sentence should be deemed to have been ordered to be served concurrently with the murder sentence.

The hearing did not result merely in resolving whether Judge George's oral pronouncements prevailed over his subsequent written judgments and sentencing orders. Rather, in fact, Judge Smith resentenced Searcy. Referring to the transcript of the December 3, 1990, hearing conducted by Judge George, Judge Smith commented

> Getting on to the sentencing, the Court has reviewed the entire record in this matter. The one point I agree with [Searcy's counsel] is that all of the sentences are inconsistent in one way or another.
>
> In the transcript ... there is no indication that Judge George was going to change his mind from that original sentence. And I have to give great deference to the original sentence in that it was actually written out. And I believe Judge George probably read from that.

---

**2.** Searcy's failure in the appeal reported at 120 Idaho 882, 820 P.2d 1239, to question the legality of the amended judgment of conviction on the same basis that formed the subject of his Rule 35 motion which was pending in the trial court, presaged the opinion of the Idaho Supreme Court rendered the same year in *State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991). In *Martin,* the Court held that it would not address on appeal a challenge to the legality of a sentence where the trial court was not first given an opportunity to consider the issue. The Court said:

> I.C.R. 35 allows the trial court to correct an illegal sentence at any time, on the motion of either the defendant or the state. If objection to the illegality of a sentence has not been otherwise raised before the trial court by either the state or the defendant, it may not be raised for the first time on appeal. The state or a defendant may challenge the legality of the sentence in the trial court under I.C.R. 35 and appeal from the trial court's ruling if necessary.

119 Idaho at 579, 808 P.2d at 1324. The approach taken by Searcy in the former appeal and in the instant proceeding complied with the Court's decision in *Martin.*

Judge Smith then resentenced Searcy, not by simply ruling on Searcy's pending motion to correct the sentencing orders contained in the December 31 judgments entered by Judge George. Judge Smith said:

> To this end the Court therefore will find under Count I, which is Murder in the First Degree, pursuant to Idaho Code Section 4001 and 4003, that the Court at this time will impose a determinate life sentence without possibility of parole.
>
> On Count II, Robbery, as found by the jury on March 18th, 1988, pursuant to Idaho Code Section 18–6501 and 6503, an indeterminate life sentence with a fixed minimum of ten years, said sentence to be consecutive to Count I, which is the determinate life sentence, without possibility of parole.
>
> Now pursuant to the strictures of *State v. Alger*[3] and pursuant to the strictures of Idaho Code Section 19–2520, the enhancement section is part and parcel of the Robbery. Judge George was consistent on that he found a term of ten years.
>
> The Court, based upon his pronouncements, and what I think were the intentions of Judge George, would find that [the] term of ten years is the fixed term of ten years which is to be served consecutively to Count I and the fixed portion of Robbery under *State v. Alger* and similar provisions we find that the enhancement is to be merged with the substantive offense of Robbery, but they have two components.
>
> Just so that is clear on the record, [the] substantive crime of Robbery carries, as I have stated, an indeterminate life sentence, and that life sentence has a minimum fixed period of ten years, said sentence to be consecutive to Count I, the determinate life sentence, the enhancement is ten years, part and parcel of the Robbery, so that you have an indeterminate life sentence plus ten. That ten years is to be consecutive to the fixed term of the Robbery charge under *Alger*.

On July 1, Judge Smith entered two "second amended" judgments of conviction against Searcy; one related to his conviction for first degree murder and the other to the robbery conviction, specifying that Searcy had been resentenced on May 18, 1992, and giving him credit for time served in jail prior to the original sentencing in May, 1988. The judgment of conviction for first degree murder contained an order sentencing Searcy to the custody of the Board of Correction for a determinate term of life without possibility of parole. The judgment of conviction for robbery contained an order sentencing Searcy to the custody of the Board for a term of indeterminate life, with a minimum period of confinement of ten years, to be served consecutively to the determinate life sentence imposed for first degree murder. Finally, the judgment recites that

> The defendant was also sentenced under the provisions of I.C. § 19–2520. The court imposed a fixed term of <u>ten year(s)</u> for Enhancement For the Use of a Firearm in the Commission of a <u>Robbery</u> which sentence is to be served <u>consecutive</u> to the sentence for Premeditated First Degree Murder and to the <u>fixed term</u> of the component part of the sentence for Robbery. Therefore, the two components of the continuous sentence of Robbery (with enhancement for use of a firearm) are as follows:

| Fixed Term | Indeterminate Term | |
|---|---|---|
| 10 | Life | I.C. § 18–6501, 6503 |
| 10 | 0 | I.C. § 19–2520 |
| 20 | Life | |

[Emphasis in original.]

---

**3.** The citation for this case was not stated by Judge Smith. From the context of his remarks, he likely was referring to *State v. Alger,* 115 Idaho 42, 764 P.2d 119 (Ct.App.1988).

Searcy argues on this appeal that he was resentenced by Judge George on December 3, 1990, in open court and that Judge George should not have entered the written judgments on December 31 containing sentences different from those orally pronounced on December 3, nor should Judge Smith have subsequently imposed any sentences different from those which were imposed orally by Judge George on December 3. He asserts that the oral pronouncement of a sentence prevails over a subsequent written recitation of the sentence, citing *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct.App.1989) and the authorities noted therein. However, we conclude Searcy's contention is based on the false premise that Judge George sentenced Searcy anew. He did not.

We note that, in the earlier appeal, the Supreme Court did not vacate or set aside Searcy's sentences. Although the Court held the sentences were "invalid" due to the addition of an enhancement to both of the sentences, the Court determined that the invalidity could be cured by ordering the enhancement on only one of the sentences, but that the curative order must be pronounced in the defendant's presence. Otherwise, in fact, the Court held that the length of the sentences and the structuring of the sentences—so that the robbery sentence (with a minimum period of confinement) would be served consecutively to the murder sentence—were reasonable and did not constitute an abuse of sentencing discretion by Judge George. Having thus determined that the defect giving rise to the invalidity of the sentences could be remedied simply by having Searcy present in open court at the time the enhancement was added to one of his sentences, the Court vacated only the order by Judge George correcting the placement of the enhanced portion for the use of a firearm, without otherwise disturbing the sentences. The Court did not declare that Searcy should be sentenced anew, but essentially directed the district court to impose a sin-gle enhancement on only one of the life sentences given to Searcy and to order the enhancement with Searcy present before the court.[4]

Judge George's comments at the proceeding on December 3, and the subsequent judgment entered on December 31, are consistent with this directive. They show that Judge George understood what he was permitted by the Supreme Court to do; they do not evince any intent on his part to reformulate the sentences he had determined were appropriate for Searcy's criminal conduct.

Searcy also suggests that Judge George's comments at the December 3 proceeding, when considered in light of the rehabilitation information presented at the hearing, indicate that the judge may have intended to reconsider the entire sentence scheme and to impose sentences different from those given to Searcy in May, 1988. For this to be true, however, then two situations would have to exist. First, there must have existed some authorization for Judge George to render entirely new sentences. Second, the subsequent written judgment containing the sentences, filed on December 31, must be declared to have been a mistake.

As we have noted, we conclude that the Supreme Court did not authorize Judge George to do anything other than correct the defect of ordering an enhancement to one of the sentences in Searcy's absence. Further, the comments of the judge, if indeed he intended to otherwise reconsider the sentences previously imposed in May, 1988, would not have been authorized under I.C.R. 35 because of the lapse of time and because of the implicit restriction in the Rule against entertaining more than one request to reduce a sentence, inasmuch as the judge had already decided the earlier Rule 35 motion filed by Searcy while his first appeal was pending.

---

**4.** In discussing whether the enhancement ought to attach to the fixed life term for murder or to the indeterminate life sentence for the robbery, the Court indicated that it would not be inappropriate to add the enhancement to the latter sentence, stating: "The single 10–year enhancement on the robbery conviction was justified by the statute [I.C. § 19–2520]." 118 Idaho at 639, 798 P.2d at 921.

Finally, it appears that the written judgment entered on December 31 was not a mistake. Even if authorized, had Judge George intended to order that both of Searcy's sentences be served concurrently and that there be no minimum term of confinement on the robbery sentence, we think it likely that Judge George would not have signed and caused to be filed the December 31 judgment but would have either altered the language in that document or have ordered the prosecutor to prepare another containing different terms. Rather, because that judgment was consistent with the previous judgment (with the exception of the removal of one of the enhancements previously ordered incorrectly), we conclude that Judge George did not intend to give any different sentence to Searcy than he already had imposed and which had been approved by the Supreme Court.

We further conclude that it was not necessary for Judge Smith to resentence Searcy; he simply should have denied Searcy's pending motions for correction of his sentences and entered an order reciting the presentencing credit to which Searcy was entitled for time served in jail. Moreover, Judge Smith appeared to have changed Judge George's sentences in one respect, by making the ten-year enhanced portion of the robbery sentence a fixed term. Neither in the initial sentencing proceeding, nor in the written judgment that followed that proceeding, nor at the December 3 hearing to correct Searcy's sentence after the first appeal, nor in the amended judgment filed on December 31 did Judge George order that the enhancement be a fixed or determinate term. Furthermore, such an enhancement would not be proper. An enhancement must share the same fixed or indeterminate characteristic as the sentence imposed for the underlying crime. *See State v. Merrifield*, 112 Idaho 365, 732 P.2d 334 (Ct.App.1987). "The extended term of imprisonment authorized in this section shall be computed by increasing the maximum sentence authorized for the crime for which the person was convicted by fifteen (15) years." I.C. § 19–2520. Consequently, the enhancement in this case must be deemed for an

indeterminate term as a ten-year extension to the indeterminate life sentence imposed for the robbery. As structured by Judge Smith, it would appear that he also may have added the enhancement period to the minimum term of confinement of ten years ordered by Judge George, making that term a period of twenty years—something that clearly was beyond the sentencing structure formulated by Judge George when he determined the minimum period that Searcy should serve in confinement on the robbery sentence before becoming eligible for parole consideration under the Unified Sentencing Act, I.C. § 19–2513.

Accordingly, we direct the district court to further amend the judgment of conviction for the robbery, entered on July 1, 1992, to state that the enhanced portion of the sentence for that crime, imposed for the use of a firearm in committing the offense, is for an indeterminate term of ten years and shall be served as an extension of the indeterminate life sentence imposed upon the robbery conviction. Of course, the indeterminate life sentence enhanced by ten years will be served consecutively to the fixed life sentence imposed for the murder conviction, and the minimum period of confinement of ten years on the robbery sentence also will remain undisturbed. As so modified, the sentences are affirmed.

WESTON, J., pro tem., concurs.

SWANSTROM, Judge, concurring specially.

This appeal, the third one in the case, is a testament to the efforts of two conscientious trial court judges who, following *State v. Kaiser*, 108 Idaho 17, 696 P.2d 868 (1985), attempted to "enhance" life sentences. The first unsuccessful attempt is discussed in *State v. Searcy*, 118 Idaho 632, 798 P.2d 914 (1990) (*Searcy I*). The latest attempt is well explained in the foregoing opinion by Walters, C.J. I concur in that opinion because this Court is constrained to follow *Searcy I* and *Kaiser, supra*, but I continue to disagree with these precedents in the following ways.

The enhancement statute applied in this case, I.C. § 19–2520, for using a firearm or other deadly weapon while committing certain crimes, contains the following language: "The extended term of imprisonment authorized in this section shall be computed by increasing the *maximum sentence* authorized for the crime for which the person was convicted by fifteen (15) years." (Emphasis added.) Nearly identical provisions are contained in I.C. § 19–2520B (for inflicting great bodily injury while committing or attempting to commit a felony) and in I.C. § 19–2520C (for repeated sex offenses).

When a sentence to a term of years is so enhanced the result is a single longer sentence which can exceed the sentence otherwise applicable to the crime had not the enhancing factor been present. *State v. Alger*, 115 Idaho 42, 764 P.2d 119 (Ct.App. 1988). This is the rational result intended by the legislature. The result becomes irrational when these enhancement statutes are applied to life sentences. That was my view when the Court of Appeals decided *State v. Kaiser*, 106 Idaho 501, 681 P.2d 594 (Ct.App.1984), *rev'd in part*, 108 Idaho 17, 696 P.2d 868 (1985). That is my view today.

As this case aptly illustrates, attempting to "enhance" a life sentence, whether it be a fixed life sentence or a unified sentence with a fixed component and an indeterminate component, adds nothing but confusion to the sentencing process. That should be obvious to anyone who reads *Searcy I* and the opinion we issue today.

The Supreme Court decided *Kaiser* in 1985 before adoption of the Unified Sentencing Act of 1986. In my opinion, the Act makes *Kaiser* less tenable today than it was eight years ago. The Act, codified as I.C. § 19–2513, has been referred to as the "Truth in Sentencing Act" because it was intended to make sentences mean what they said, whereas under the former indeterminate sentencing law the "real" sentence, that is, the time a prisoner would actually be incarcerated, was obscured from public view and understanding. The intent and purposes of the Act are not

served by having judges "enhance" a life sentence. A sentence of "life imprisonment plus ten years" is an illusion not worthy of respect in the serious business of sentencing. If judges actually have the power to enhance a life term, then they are wasting their power on criminals. There are people more deserving of having the terms of their lives extended.

When deciding whether to add a number of years to a fixed life or an indeterminate life sentence, I suggest that a district judge is faced with the choice of following *Kaiser* or of following *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991), but that the judge cannot follow both. In *Broadhead*, our Supreme Court synthesized dozens of sentencing cases and canonized an often-stated view of a "reasonable" sentence.

"We hold that a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable."

*Id.*, 120 Idaho at 145, 814 P.2d at 405, *quoting State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1983).

"Imprisonment for life plus ten years," is an oxymoronic sentence, unreasonable on its face. Neither will it withstand deeper analysis. In *Searcy I* the Supreme Court had an opportunity to say that a fixed life sentence for murder without possibility of parole cannot be enhanced or extended. The Court avoided the question. The Court also had the opportunity to say that the unified life sentence with the ten-year minimum period of imprisonment for robbery cannot reasonably be extended or enhanced by adding years to the life term. The Court did not address how such a sentence could be reasonable under *any* of the sentencing criteria later synthesized in *Broadhead*. Rather, in *Searcy I*, the Court merely repeated what it said in *Kaiser*, "we are convinced that an indeterminate life sen-

tence is a horse of a different color," and it added, "[t]he single 10–year enhancement on the robbery conviction was justified by the statute." 118 Idaho at 638–39, 798 P.2d at 920–21. As a result, on remand two district judges attempted to structure life sentences for murder and robbery in compliance with the ruling, giving us the third appeal in this case.

Perhaps it is time Idaho judges are told, now that we have truth in sentencing, that it is no longer necessary to enhance a life sentence by "adding" fifteen years for use of a firearm. They might even be told that such a sentence is "unreasonable."