34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John D. MERRIFIELD, Petitioner-Appellant,
v.
Arvon J. ARAVE, Warden, Respondent-Appellee.
 No. 93-35936.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John D. Merrifield, an Idaho state prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his first degree murder conviction. Merrifield contends that he was denied his Sixth Amendment right to speedy disposition of his case because the trial court delayed his resentencing after the Idaho Court of Appeals vacated his sentence. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, see Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993), and affirm.
 
 
 3
 In 1982, Merrifield was convicted for first degree murder and sentenced to twenty-five years imprisonment with a ten-year enhancement for use of a firearm. The Idaho Court of Appeals vacated the sentence in 1985, State v. Merrifield, 704 P.2d 343 (Idaho Ct.App.1985), and on remand, Merrifield was resentenced to an indeterminate life term with a ten-year firearm enhancement. On January 14, 1987, the appellate court again vacated the sentence and remanded for resentencing. State v. Merrifield, 732 P.2d 334 (Idaho Ct.App.1987). In the summer of 1989, Merrifield filed with the Idaho Supreme Court a habeas petition claiming that the trial court's failure to resentence him after the 1987 remand violated the Sixth Amendment. On September 1, 1989, the Idaho Supreme Court denied the writ but ordered the trial court to resentence Merrifield. The trial court again sentenced him to an indeterminate life term with a ten-year enhancement on September 29, 1989, thirty-two months after the 1987 remand.
 
 
 4
 Merrifield contends that the thirty-two month delay violated the Sixth Amendment. The state contends that Teague v. Lane, 489 U.S. 288 (1989), bars application of the "new rule" that the Sixth Amendment speedy trial right applies at sentencing. The state's contention has merit.
 
 
 5
 "The nonretroactivity principle prevents a federal court from granting habeas corpus relief to a state prisoner based on a rule announced after his conviction and sentence become final." Caspari v. Bohlen, 114 S.Ct. 948, 953 (1994). " '[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.' " Id. (quoting Teague, 489 U.S. at 301).
 
 
 6
 The Supreme Court has not yet decided whether the speedy trial right applies at sentencing. See United States v. Martinez, 837 F.2d 861, 866 (9th Cir.1988) (citing Pollard v. United States, 352 U.S. 354, 361 (1957)). We have "treated the imposition of sentence as within the speedy trial guarantee," but have "refrained from explicitly recognizing it as such." Id. (citing Tinghitella v. California, 718 F.2d 308, 312-13 (9th Cir.1983)).
 
 
 7
 Thus, precedent avoided announcing, and did not dictate, the rule that the speedy trial right includes sentencing. Accordingly, this rule would be "new," and we may not apply it retroactively to Merrifield. See Caspari, 114 S.Ct. at 953. Even if we were to decide otherwise, and reach the merits, Merrifield would lose for the reasons stated in the report of the magistrate judge adopted by the district court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3