955 P.2d 1131

**Scott Lee MICKELSEN, Petitioner–Appellant,**

v.

**IDAHO STATE CORRECTIONAL INSTITUTION; Joe Klauser, Warden; Idaho Department of Pardons and Paroles; Del Ray Holm; Ida Leggett; and Olivia Craven West, Respondents.**

No. 24061.

Court of Appeals of Idaho.

April 10, 1998.

---

Scott Lee Mickelsen, pro se appellant.

Alan G. Lance, Attorney General, Timothy R. McNeese, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Scott Lee Mickelsen appeals from the district court's order affirming the magistrate's dismissal of his petition for a writ of habeas corpus. On appeal, Mickelsen asserts that the Idaho Department of Corrections ("Department") incorrectly calculated his amount of credit for time served while he was in its custody, and that the magistrate erred in adopting the Department's incorrect calculations. For the reasons stated, we reverse and remand for proceedings consistent with this opinion.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

On April 18, 1989, Mickelsen was given a withheld judgment and placed onto a four-year probation for the offense of grand theft. Subsequently, on May 30, 1991, Mickelsen was found guilty of violating his probation and the court sentenced him to serve a unified three-year sentence, one year fixed, with credit for 118 days served for the grand theft

offense.[1] On the same day, Mickelsen was sentenced to serve a unified eight-year sentence, with two years fixed, for forgery. He was given credit for seventy days served, with the court retaining jurisdiction. These sentences were imposed to be served *consecutively* to one another. Mickelsen filed a Rule 35 motion on September 25, 1991, which was later denied.

Because the written judgment did not provide for retained jurisdiction, Mickelsen served the remainder of the fixed portion of his sentence for grand theft. On February 5, 1992, he was granted "institutional parole" which permitted him to begin serving the fixed portion of his forgery sentence. On February 12, 1992, he was reclassified and sent to Cottonwood to begin serving his retained jurisdiction or "rider" on the forgery offense. After completing his rider, the district court relinquished jurisdiction and Mickelsen was returned to prison to serve the remainder of both sentences. On November 10, 1992, Mickelsen filed a *pro se* petition for post-conviction relief and on April 1, 1993, he filed a *pro se* motion to correct an illegal sentence. Subsequently, Mickelsen filed an additional *pro se* application for post-conviction relief alleging, *inter alia*, ineffective assistance of counsel and the illegal administration of his sentence. Before acting on these motions, the district court was presented with a Rule 35 motion for reconsideration by Mickelsen's court-appointed counsel, asserting that the written judgment of conviction for grand theft did not conform to the district court's oral pronouncement of sentence because it failed to reflect the court's retention of jurisdiction. The court reviewed the Rule 35 motion and acknowledged the discrepancy between its oral and written pronouncements of judgment. Subsequently, on May 25, 1993, the court reduced the fixed portion of the forgery sentence from two years to one and placed Mickelsen on probation for five years, with the terms of his probations to run concurrent for both the grand theft and forgery offenses.[2] The district court never acted on Mickelsen's motion for post-conviction relief.

---

1. The court orally stated that it would retain jurisdiction. However, the subsequently issued judgment of conviction made no mention of a retained jurisdiction.

2. Neither party has raised the district court's jurisdiction to impose probation as an issue on appeal.

Subsequently, on August 4, 1994, Mickelsen was found guilty of violating his probations. The district court ordered imposition of the original unified three-year sentence, with one year fixed for the grand theft offense and Mickelsen was given credit for 151 days previously served in jail. In addition, the district court reduced Mickelsen's sentence for the forgery offense to a unified six-year term with one year fixed and he was given credit for 103 days previously served in · jail. The sentences were now ordered to run *concurrently.*[3] The Department was ordered to calculate how much credit Mickelsen should receive for time he previously served while in its custody. Mickelsen has been in custody since August 4, 1994.

On March 9, 1995, Mickelsen filed a petition for writ of habeas corpus challenging, *inter alia,* the Department's refusal to apply all prison time he had previously served to both sentences. The Department filed a motion for summary judgment, arguing that it had given Mickelsen proper credit for time served. The parties entered into a stipulation of facts at the request of the magistrate. After reviewing the motions and facts, the magistrate granted the Department's motion for summary judgment, accepting the Department's method of calculation and assertion that Mickelsen had been properly credited for time served.

Mickelsen appealed to the district court, asserting that the magistrate erred in granting the Department's motion for summary judgment because the Department had failed to provide any authority for its position. Specifically, Mickelsen asserted that the Department failed to provide authority for its proposition that for purposes of calculating credit for time served, a district court's order modifying sentences from being served consecutively to concurrently does not apply retroactively. The Department countered that Mickelsen had improperly filed the challenge as a petition for writ of habeas corpus rather than a post-conviction relief application pursuant to the Uniform Post–Conviction Proce-

dures Act §§ 19–4901 to –4911 ("UPCPA"). The district court affirmed the magistrate's findings, determining that Mickelsen's concerns about receiving proper credit for time served were more accurately characterized as a challenge to the validity of his sentence and should be addressed through a UPCPA rather than a petition for writ of habeas corpus. Mickelsen filed a timely appeal.

## II.

## STANDARD OF REVIEW

■ "Where a magistrate has summarily dismissed a petition for writ of habeas corpus, and the dismissal is upheld by the district court on an interim appeal, the standard for further appellate consideration is to conduct a free review of the magistrate's conclusions while giving due regard to the decision of the district court." *Swain v. State,* 122 Idaho 918, 919, 841 P.2d 448, 449 (Ct.App. 1992).

## III.

## ANALYSIS

■ Mickelsen asserts that the Department improperly calculated the credit he was entitled to receive for time served and that the improper calculation impermissibly increases his sentence. Specifically, Mickelsen asserts that when the district court modified his sentences in 1994 to run concurrently rather than consecutively, the Department refused to credit the time he served in 1991 through 1992 for the grand theft offense toward his forgery sentence. The Department essentially asserts that for purposes of calculating credit for time served, Mickelsen's sentences are prospectively concurrent and retrospectively consecutive. In unraveling the Department's attempt to create a Gordian knot from that which is otherwise straightforward, we have reduced this case to its essentials: when a sentencing court modifies consecutive sentences to run concurrent-

---

**3.** Pursuant to I.C.R. 35, it is entirely within the court's discretion to "reduce a sentence upon revocation of probation or upon motion made within fourteen (14) days after the filing of the order revoking probation." *See also State v.* *Peterson,* 121 Idaho 775, 778, 828 P.2d 338, 341 (Ct.App.1992) ("This Court has construed I.C.R. 35 to authorize district judges to reduce a sentence which is being reinstated when the reduction is made at the time probation is revoked.").

ly, is a defendant entitled to have credit for time served applied to the sentences as though they were concurrent when originally imposed? The answer is an unequivocal, *yes*.

■ As a preliminary matter, we note that a petition for writ of habeas corpus is an appropriate mechanism for challenging an alleged impropriety or error in the Department's computation of a prisoner's sentence. *See Bates v. Murphy,* 118 Idaho 239, 243, 796 P.2d 116, 120 (1990); *Calkins v. May,* 97 Idaho 402, 545 P.2d 1008 (1976); *compare State v. Vega,* 113 Idaho 756, 758, 747 P.2d 778, 780 (Ct.App.1987).

Mickelsen asserts that he will have completed both the fixed and indeterminate portions of his sentence on April 29, 1998, while the Department maintains that he will complete his sentence on December 22, 1998. The difference between Mickelsen's and the Department's calculations is approximately eight months, the same period of time Mickelsen served with respect to the grand theft offense from May 30, 1991, through February 5, 1992. It appears from these calculations that the Department did not apply the credit for this eight-month period to both of Mickelsen's sentences. Instead, the Department is attempting to treat a portion of Mickelsen's sentences as though they were imposed to run consecutively, while treating the other portion of his sentences as though they were imposed to run concurrently. Such hybridization of concurrent and consecutive sentences is erroneous. *Compare State v. Searcy,* 124 Idaho 107, 113, 856 P.2d 897, 903 (Ct.App.1993); *State v. Merrifield,* 112 Idaho 365, 732 P.2d 334 (Ct.App.1987).

■ A sentence is *either* consecutive to or concurrent with another sentence, but never both. A singular sentence simply cannot be partially concurrent and partially consecutive to another sentence. By ignoring this simple fact, the Department is abrogating the district court's discretionary authority to modify Mickelsen's sentences upon revocation of probation. Because the district court modified Mickelsen's sentences to run concurrently, he is entitled to receive credit for all the time he actually spent incarcerated in the custody of the Department and such credit must be applied to his sentences as if

they were initially imposed to be served concurrently. A sentence is imposed when it is initially pronounced. *State v. Maland,* 124 Idaho 830, 833, 864 P.2d 668, 671 (Ct.App. 1993); *State v. Sutton,* 113 Idaho 832, 833, 748 P.2d 416, 417 (Ct.App.1987). In this case, Mickelsen's sentences were initially pronounced on May 30, 1991.

This Court has previously held that when a defendant is incarcerated for more than one offense before judgment is entered, he or she is entitled to have credit for jail time served applied toward both sentences if the sentences are imposed to run concurrently. However, if the sentences are imposed to run consecutively, a defendant is not entitled to have credit for jail time applied to each consecutive sentence since it would result in affording a defendant double credit. *See, e.g., State v. Brashier,* 127 Idaho 730, 738, 905 P.2d 1039, 1047 (Ct.App.1995) (a defendant is entitled to credit for time served prior to entry of judgment if incarceration was for the offense for which the judgement was entered); *State v. Hernandez,* 120 Idaho 785, 820 P.2d 380 (Ct.App.1991) (a defendant is only entitled to have credit for time actually served in confinement applied to concurrent sentences; a defendant is not entitled to pyramid his time to receive credit for more time than he has actually served); *State v. Hale,* 116 Idaho 763, 779 P.2d 438 (Ct.App. 1989) (defendant is entitled to receive credit for time served if incarceration is for the offense upon which the defendant is later sentenced); *Matthews v. State,* 113 Idaho 83, 741 P.2d 370 (Ct.App.1987) (trial court did not err in applying defendant's credit for time served only to one of two sentences where sentences were consecutive, but result would be different if sentences were concurrent).

■ Although this Court has not directly addressed a challenge to the Department's application of credit for time served, the standards are the same as those which govern challenges to a district court's application of prejudgment credit for time served. Clearly, it is within the district court's discretion to impose a sentence that runs either concurrently or consecutively. *See* I.C. 18–

**356**

308. Here the Department is misapplying the district court's modification of Mickelsen's sentences by failing to retroactively give him credit for prison time served on his concurrent sentences.

For these reasons, we hold that the Department must treat Mickelsen's sentences as though they were imposed concurrently *ab initio,* i.e. as of May 30, 1991. The time Mickelsen served in prison with respect to the grand theft offense must be credited toward his forgery sentence as well.

We reverse and remand for recomputation of Mickelsen's credit for time served consistent with the views expressed in this opinion.

LANSING, C.J., and PERRY, J., concur.