# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44487

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 658 |
| | ) |
| Plaintiff-Respondent, | ) Filed:  December 8, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| BARRYNGTON EUGENE SEARCY, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Fremont County.  Hon. Gregory W. Moeller, District Judge.

Order denying I.C.R. 35 motion, <u>affirmed</u>; order denying motion for court-appointed counsel, <u>affirmed</u>.

Barryngton E. Searcy, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Barryngton Eugene Searcy appeals from the district court's denial of his Idaho Criminal Rule 35 motion and his motion for court-appointed counsel.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1988, Searcy was found guilty by a jury of first degree murder and robbery.  The district court imposed a determinate life sentence without the possibility of parole for the murder charge and a consecutive sentence of indeterminate life with ten years determinate for the robbery charge.  Additionally, Searcy received a ten-year enhancement for using a firearm during the commission of those crimes.  Thereafter, Searcy made three separate appeals, all of

1

which involve issues related to his sentencing. In Searcy's first appeal[1] in 1990, he claimed Idaho's lack of an insanity defense violated his constitutional rights and that the court abused its sentencing discretion. The Idaho Supreme Court affirmed his conviction and sentences for murder and robbery but vacated the dual sentence enhancements for use of a firearm and remanded to the district court on only one enhancement. In Searcy's second appeal[2] in 1991, he addressed the issue of a lack of an insanity defense and also asserted that his sentences were cruel and unusual. This Court held the first issue was addressed in his prior appeal and the second issue could have been raised in the first appeal, but was not. Therefore, we declined to address the merits of the argument. In Searcy's third appeal[3] in 1993, he asserted that he should be resentenced since the court's oral pronouncement of his corrected sentence prevailed over the subsequent written sentence, and the firearm enhancement was improperly ordered as determinate. This Court rejected his first argument and directed that the sentencing judge modify his sentence so the enhancement associated with the robbery conviction was for an indeterminate term of ten years and would be served as an extension of the indeterminate life sentence imposed for the robbery conviction.

In 2016 Searcy filed a Rule 35 motion to correct an illegal sentence, a motion for court-appointed counsel, and an I.C.R. 36 motion to correct the spelling of his name in the amended judgment of conviction. The district court granted his Rule 36 motion; however, the court denied his Rule 35 motion and his motion for court-appointed counsel. Searcy timely appeals.

## II.

## ANALYSIS

On appeal, Searcy asserts that his conviction and sentence are illegal and should be vacated. Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

---

[1]     *State v. Searcy*, 118 Idaho 632, 798 P.2d 914 (1990).

[2]     *State v. Searcy*, 120 Idaho 882, 820 P.2d 1239 (Ct. App. 1991).

[3]     *State v. Searcy*, 124 Idaho 107, 856 P.2d 897 (Ct. App. 1993).

The district court correctly noted that Rule 35 is a narrow rule "intended to address the nature of the sentence imposed, not the manner in which the trial was conducted." The Idaho Supreme Court has held that Rule 35 is:

> not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive.

*State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). Rule 35 inquiries must involve only questions of law, and may not include significant factual determinations to resolve the merits of a Rule 35 claim. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015).

Searcy did not provide the court with any new evidence; therefore, his only means for relief is to show that the sentence imposed is not authorized by law. On review, we conclude that Searcy's challenge is a collateral attack on the underlying conviction and was beyond the scope of a Rule 35 motion. *See Hill v. United States*, 368 U.S. 424, 430 (1962); *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct. App. 1991). All of his arguments relate to alleged procedural and evidentiary defects during his trial and sentencing that are required to be raised on direct appeal.

Searcy first argues the district court erred when not considering the merits of his claims on the basis of res judicata. Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.2d 613, 616 (2007). The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal or in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007). Additionally, res judicata bars claims in subsequent litigation that should have been raised previously but were not. *Aragon v. State*, 114 Idaho 758, 766, 760 P.2d 1174, 1182 (1988).

Searcy bases his argument that the district court erred when it reasoned that Searcy "has offered no explanation as to why these defects were not--or could not have been--asserted in any of his three prior appeals" when denying his motion. While Searcy is correct that a Rule 35 motion may be brought at any time, he disregards the court's next sentence explaining, "despite

his assertions to the contrary, Searcy's motion fails to properly assert any claims establishing that his sentence was 'improper on its face,' as Rule 35(a) clearly requires." The issues raised by Searcy are actually about his underlying conviction and the lawfulness of his conviction has been raised and affirmed on prior appeals. Therefore, any current arguments related to his underlying conviction, whether previously raised or not, are properly barred pursuant to res judicata. For example, Searcy asserts his first degree murder conviction was obtained through an unconstitutional presumption contained in the jury instructions. He also alleges the jury determined the murder occurred in the course of the robbery, and therefore his consecutive sentences for murder and robbery are illegal. These are challenges to his conviction, not an attempt to correct a sentence that is illegal on its face. As noted above, Rule 35 inquiries may not include significant factual determinations. *Wolfe*, 158 Idaho at 65, 343 P.3d at 507. Because the resolution of these issues would require factual inquiries, they are not properly brought pursuant to a Rule 35 motion. Likewise, Searcy's argument that his determinate life sentence is illegal because the district court failed to find certain aggravating factors before imposing the sentence would also require factual inquiries and, thus, is not properly brought on a Rule 35 motion. Finally, Searcy asserted the sentence enhancement for use of a firearm was improperly corrected in his absence. Because this argument addresses the procedural aspects of his sentencing and not the imposition of an illegal sentence, it is also not properly brought pursuant to a Rule 35 motion and was required to be made on direct appeal. Therefore, a Rule 35 motion is not the correct mechanism to bring such claims and the district court and this Court lack jurisdiction to consider the issues.

Searcy also asserts the district court erred when denying his motion for court-appointed counsel. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is

4

entitled to court-appointed counsel before denying the petition on the merits. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

The district court found Searcy met the indigency requirement for court-appointed counsel. However, the reasons set forth above support the holding that the district court did not abuse its discretion when denying Searcy's motion for court-appointed counsel. The trial court may deny a motion for appointed counsel in a Rule 35 proceeding if it finds that the motion "is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding." *State v. Wade*, 125 Idaho 522, 523, 873 P.2d 167, 168 (Ct. App. 1994); *see also* I.C. § 19-852(b)(3). As noted, Searcy's arguments relate to alleged procedural and evidentiary defects and fail to allege that the sentence imposed is not authorized by law. Because his challenges are a collateral attack on the underlying conviction and beyond the scope of a Rule 35 motion, the threshold for denying court-appointed counsel at this stage has been met.

This Court affirms the thorough and well-reasoned decision of the district court. It correctly noted that, "as well briefed and clearly articulated as Searcy's claims for relief under Rule 35(a) may be, they are merely a reiteration of arguments that either were raised, or should have been raised, in Searcy's three earlier appeals." Additionally, the district court did not abuse its discretion when denying Searcy's motion for court-appointed counsel.

## III.

### CONCLUSION

This Court affirms the district court's denial of Searcy's Rule 35 motion because his challenge is a collateral attack on the underlying conviction and beyond the scope of a Rule 35 motion. We also affirm the district court's denial of court-appointed counsel because no reasonable person with adequate means would be willing to pay an attorney to bring such an action.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.