**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43054**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 345** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 26, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JARRETT VANN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order denying motion to reconsider denial of motion for credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Jarrett Vann pled guilty to possession of sexually exploitative material. Idaho Code §§ 18-1507(2), 18-1507A. The district court sentenced Vann to a unified term of ten years with three years determinate. Several years later, Vann filed a motion for credit for time served for time he spent in federal custody on an unrelated case while he was on parole in this case. The district court denied the motion and Vann subsequently filed a motion to reconsider the denial of his motion for credit for time served, which the district court also denied. Vann appeals asserting that the district court erred by denying his motion to reconsider the denial of his motion for credit for time served.

1

In computing a term of imprisonment, the defendant shall receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. I.C. § 18-309(1). Idaho Code § 20-228 authorizes the parole commission to exercise discretion to credit time spent on parole when calculating the remaining period of confinement after parole is revoked. Therefore, as Vann acknowledges, a motion for credit for time served is not the appropriate vehicle for challenging the Department of Correction's calculation of time served. *Mickelsen v. Idaho State Correctional Inst.*, 131 Idaho 352, 355, 955 P.2d 1131, 1134 (Ct. App. 1988). The district court correctly denied Vann's motion to reconsider the denial of his motion for credit for time served.

The district court's order denying Vann's motion to reconsider the denial of the motion for credit for time served is affirmed.