**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44066**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 737** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 19, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT LYNN HANSON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Robert Lynn Hanson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori Anne Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Robert Lynn Hanson pleaded guilty to sexual abuse of a child, Idaho Code § 18-1503. The district court imposed a unified fifteen-year sentence, with three years determinate, and retained jurisdiction. In December of 2005, following the period of retained jurisdiction, the district court relinquished jurisdiction and executed the underlying sentence. In April of 2006, Hanson filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. In March of 2016, Hanson filed an I.C.R. 35 motion for correction of sentence claiming the Idaho Department of Correction incorrectly calculated Hanson's credit for time served when determining his release date. The district court denied the I.C.R. 35 motion. Hanson appeals.

1

Claims that Idaho Department of Correction has incorrectly calculated credit for time served or a release date are claims properly brought in a habeas petition; an I.C.R. 35 motion is not the appropriate motion to address this issue. *Mickelsen v. Idaho State Correctional Instn.*, 131 Idaho 352, 355, 955 P.2d 1131, 1134 (Ct. App. 1998). This is because once a defendant is sentenced, the district court loses jurisdiction except in very narrow circumstances. One of those circumstances is a timely I.C.R. 35 motion. I.C.R. 35.

An I.C.R. 35(c) motion to correct the court's calculation can be filed at any time; however, Hanson doesn't claim any error in the sentence or in the court's calculation of 454 days credit for time served. Instead, he asserts the I.D.O.C.'s calculation is incorrect. Given that concession and claim, the district court had no jurisdiction to hear Hanson's I.C.R. 35 motion.

The relevant statute defining the parole commission's discretion whether to award credit for time served during a period of parole is I.C. § 20-228. Here, the parole commission declined to award Hanson credit for time served as a condition of parole; that decision is not properly reviewed pursuant to an I.C.R. 35 motion, nor does the district court have any authority to alter the parole commission's calculation for credit for time served. As such, the district court correctly denied Hanson's I.C.R. 35 motion.

Since Hanson does not claim the district court erred in its credit for time served calculation and the district court does not have jurisdiction to correct credit for time served calculations made by the I.D.O.C., the order denying Hanson's I.C.R. 35 motion is affirmed.